IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN J. BROOKS, | ) CIVIL NO. 12-00160 JMS-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) ACTION |
| | ) |
| ANGELA CHRISTINE SMITH; | ) |
| TIMOTHY MICHEAL JOHNSON; | ) |
| TAMEKIA JOHNSON; DAVID | ) |
| MICHEAL SMITH; JENIFER | ) |
| MELISSA SMITH; ANDREW | ) |
| MICHEAL SMITH; TRACI LYNN | ) |
| CARVALEHO; JONATHAN MICHEAL | ) |
| QUINN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

Plaintiff Jonathan Brooks ("Plaintiff") commenced this action on March 20, 2012, and concurrently filed an Application to Proceed Without Prepayment of Fees. On March 21, 2012, this Court issued an Order Denying Application to Proceed In Forma Pauperis and Dismissing Complaint with Leave to Amend ("Order"). The Court granted Plaintiff until April 23, 2012, to file an amended complaint curing the deficiencies identified in the Order and to either file another IFP Application or to pay the appropriate

filing fee. The Court cautioned Plaintiff that failure to amend the Complaint <u>and</u> pay the filing fee or file another IFP Application would result in the dismissal of this action.

On March 27, 2012, Plaintiff filed a document entitled "Amended Complaint Original Order of Protection Denied."

On June 18, 2012, the Court held the Rule 16 Scheduling Conference, at which the Court informed Plaintiff that he must properly serve Defendants for the case to proceed.

On August 9, 2012, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to serve the Amended Complaint, failure to comply with this Court's Order, and failure to pay the filing fee or timely submit another IFP Application. Plaintiff did not respond to the OSC or appear at the September 17, 2012 OSC hearing.

Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes

involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiff's failure to serve Defendants, failure to comply with the Court's Order, and failure to respond to the OSC or appear at the OSC hearing.  The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court, not Plaintiff, should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.

The lack of availability of less drastic alternatives also supports dismissal. The Court provided Plaintiff with an opportunity to explain his failures, but even the threat of dismissal did not compel a response. Thus, the Court is left with no choice but to dismiss.

Moreover, Defendants will suffer prejudice if this case continues without service being effected. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with a Court order.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 17, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00160 JMS-KSC; BROOKS V. SMITH, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION